PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* RAMÓN FLORES, Defendant and Appellant.

Nos. 5563 and 5564. Argued December 7, 1934.—Decided December 20, 1934.

*L. Longchamps* for appellant. *R. A. Gómez, Prosecuting Attorney,* and *Luis Janer, Assistant Prosecuting Attorney,* for appellee.

MR. JUSTICE CÓRDOVA DÁVILA delivered the opinion of the Court.

The information filed in the instant case, which in the records of the district court bears No. 4308, charges defendant Ramón Flores with the operation of automatic selling or gambling machines worked by means of levers or coins, without the proper internal revenue licenses for the quarter from April to June, 1933. The defendant is charged with the infringement of Section 84 of the Internal Revenue Act of Puerto Rico (Act No. 85, Laws of 1925, p. 584) as amended on April 18, 1933, (by Act No. 18, Laws of 1932–1933, p. 220). The defendant was convicted and sentenced to pay a fine of $100 or, in default thereof, to serve a day in jail for each dollar left unpaid, the imprisonment not to exceed ninety days, with costs.

The brief of the appellant does not strictly conform to the procedure established for appeals to this court but alleges in fact that the lower court committed a serious and manifest error in weighing the evidence and that the appealed judgment is contrary to law and to the evidence heard.

 Pedro Piquer, internal revenue agent, testified to having seized machines Nos. 106572 and 208806; that the defendant kept other machines but that the above two were kept by him without licenses; that he asked the defendant to produce the licenses for the said machines and that he replied that he did not have them because they were old machines.

While José B. Barina, internal revenue agent of Ponce, was testifying, the parties stipulated that according to the testimony of the witness during the quarter from April to June, 1933, and in Ponce, licenses had been issued, on application, to the defendant to operate machines Nos. 113885 and 208805. This witness testified that he used to issue licenses to operate the machines as requested, for slot machines; that that is the form in which licenses are issued, that no exception is made as to the make of the machine and that the serial number of the machine is stamped as a mark to distinguish it from others; that every machine has a serial number.

The main ground alleged by the defendant in support of his contention that the lower court committed a manifest error in weighing the evidence is that the testimony of Piquer in the municipal court conflicts with that given in the district court. It is true that it appears from the testimony of Judge Fernando Usera who tried the case in the municipal court that either the judge or the witness somewhat mixed up the series number of some of the machines; but Piquer testified extensively in the district court and stated that machines Nos. 106572 and 208806 were taken from the defendant who then said that he had no license; that he had taken these machines to the office of the collector of internal revenue; that shortly after they had been attached they were returned to Ramón Flores, and that they were seized again afterwards; that one of the machines was missing and that the defendant did not know what had become of it.

The lower court, in a trial *de novo* on appeal, weighed this evidence and believed the testimony of Piquer, and convicted the defendant who failed to produce any license for machine No. 208806 which the said defendant tried to cover with the license issued for machine No. 208805. The latter was not believed by the court. According to Piquer, the defendant failed to return one of the machines which had been formerly seized.

If Piquer made a mistake in the municipal court or if his testimony turned out to conflict with that given in the appellate court is a matter affecting his credibility as a witness but which can not be ground for reversal if the lower court believed his testimony, and no bias, prejudice, or manifest error in weighing the evidence has been shown.

Another information was also filed against the defendant charging a similar offense. In this latter information, which bears No. 4307, it is charged that the defendant keeps in operation machines Nos. 159621 and 113886, and a small one known as "jack pot". It is alleged that the lower court committed manifest error in weighing the evidence. We have carefully examined the evidence heard and do not think that the court *a quo* committed the error alleged.

The judgments appealed from must be affirmed.